FILED
2010 Mar-31  PM 05:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| TRI-CO OIL COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 7:09-CV-1576-SLB |
| | ) | |
| GREAT AMERICAN INSURANCE | ) | |
| COMPANY; RIVERFRONT | ) | |
| MANAGEMENT, L.L.C.; REGIONS | ) | |
| BANK; FPR, L.L.C.; COMMERCE & | ) | |
| INDUSTRY INS. CO., INC., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion to Remand. (Doc. 4.)[1]  Plaintiff, Tri-Co Oil Company, filed a declaratory judgment action in the Circuit Court of Tuscaloosa County seeking a judgment as to whether defendants, Great American Insurance Company and Commerce & Industry Insurance Company, were required to indemnify it for clean-up efforts on property it had sold to defendant Riverfront Management, upon which defendants, Regions and FPR, hold mortgages.  Commerce & Industry removed the case to this court, (doc. 1), and Tri-Co filed a Motion to Remand, (doc. 4).  Upon consideration of the record, the submissions of the parties, the arguments of

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

counsel, and the relevant law, the court is of the opinion that Tri-Co's Motion to Remand, (doc. 4), is due to be granted.

Federal courts are courts of limited jurisdiction. Therefore, this court may only hear cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2006).

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not ***absolutely*** clear." *See Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))(emphasis added). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id*. (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied* 520 U.S. 1162 (1997)). Moreover, all facts alleged in the

Complaint are construed in favor of plaintiff, and all "uncertainties" regarding the substantive state law are resolved in favor of plaintiff. *Crowe*, 113 F.3d at 1538 (11th Cir. 1997).

> Thus, under § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff – be it the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under § 1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed – i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. *See Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978)(holding that, where a complaint did not specify the number of plaintiffs in a class action, it was not open to the defendants or the court to speculate that the class was small enough to establish the minimum amount in controversy). The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

*Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-15 (11th Cir. 2007).

Tri-Co and defendants Riverfront, Regions, and FPR are residents of Alabama. Therefore, complete diversity among the parties, as required for diversity jurisdiction, does not exist. However, Commerce contends that Tri-Co fraudulently joined the non-diverse defendants. (Doc. 1 at ¶¶ 16-22.) Tri-Co asks the court to remand its case to the state court because (1) defendant failed to comply with 28 U.S.C. § 1446 by not including a copy of the summons with its Notice of Removal and by failing to get Great American's consent to

removal, and (2) the non-diverse defendants were not fraudulently joined.  (*See generally* doc. 4.)

## A.  COMMERCE DID NOT INCLUDE SUMMONS

Commerce did not attach the summons to its Notice of Removal.  Section § 1446(a) requires the removing defendant to attach "a copy of all process, pleadings and orders served upon such defendant" in the state court action."  Based on defendant's failure to include the summons with its Notice, Tri-Co contends that remand is proper.  (Doc. 4 ¶¶ 20-21 [citing *Andalusia Enterprises, Inc. v. Evanston Insurance Co.*, 487 F. Supp. 2d 1290, 1300 (N.D. Ala. 2007; *Kisor v. Collins*, 338 F. Supp. 2d 1279 (N.D. Ala. 2004)].)

Commerce contends that it was not required to include the summons in its Notice of Removal because it was not "properly served with the summons."[2]  (Doc. 8 at 10.)  Any arguments that Tri-Co failed to properly serve Commerce is waived by Commerce's failure to assert this defense in its Answer or by Motion to Dismiss.  *See* Fed. R. Civ. P. 12(b)(5), (h)(1)(B).[3]  The court assumes that service of process was sufficient.

---

[2]Commerce argues that the summons was improperly served on AIG Technical Services, Inc. at 101 Hudson Street, 29th Floor, Jersey City, NJ 07302.  (Doc. 8 at 10 and Ex. D.)  Except for the floor number, the address is the same address in the policy for notice of claims and losses.  (*Id.*, Ex. E at 7, 28 [page numbers refer to the page numbers on the CM/ECF document].)  Moreover, the court notes that Commerce does not argue that it did not, in fact, receive the summons.  (*Id.* at 9-10.)

[3]Rule 12(b)(5) states, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:  . . .  (5) insufficient service of process . . . ."  Fed. R. Civ. P. 12(b)(5).  Rule 12(h)(1)(B) states:

Commerce also contends, "Even if [Commerce's] failure to attach an improperly served summons to its Notice of Removal is considered a procedural defect, . . . that defect is curable.  The proper remedy is for a defendant's failure to attach a summons is to allow the defendant to cure the defect by filing an amended Notice of Removal notwithstanding the expiration of the thirty-day removal period." (Doc. 8 at 12 [citing, *inter alia*, *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213, 1215 (D. Kan. 2005)].)

Section 1446(a) and (b) provides:

(a)  A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b)  The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of

---

(1)  When Some Are Waived.  A party waives any defense listed in Rule 12(b)(2)-(5) by:

. . .

(B)  failing to either:

(i)  make it by motion under this rule; or
(ii)  include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1)(B).

5

summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. 1446 (a)-(b).

"The absence in the notice of removal of copies of the summonses served on the defendants, uncorrected until after the thirty (30) day removal had expired, violates 28 U.S.C. 1446(a) . . . .  This statute cannot be ignored as a mere technicality.  . . .  The statute is not a mere suggestion." *Andalusia Enterprises, Inc. v. Evanston Insurance Co.*, 487 F. Supp. 2d 1290, 1300 (N.D. Ala. 2007).

This court previously has noted that "[a] court must strictly construe the requirements of the removal statute, as removal constitutes an infringement on state sovereignty." *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000); *see also York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989); *Adams v. Aero Servs. Int'l, Inc.*, 657 F. Supp. 519, 521 (E.D. Va. 1987).  Furthermore, "[f]ailure to comply with the requirements of the removal statute generally constitutes adequate grounds for remand." *Newman*, 109 F. Supp. 2d at 1345; *see also Adams*, 657 F. Supp. at 521.  Where a plaintiff challenges the suitability of a defendant's removal petition, the burden of confirming that removal was proper falls upon the defendant. *Newman*, 109 F. Supp. 2d at 1345; *see also Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004)("Statutes that limit federal jurisdiction are always strictly construed against the removing party, and there is no shame in a plaintiff's insistence on full and complete compliance with them by a defendant who wants to flee to federal court.").

"[Section] 1447(c) implicitly recognizes two bases upon which a district court may – and in one case must – order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252-1253 (11th Cir. 1999). The "defect" noted in Section 1447(c) refers to the failure to follow statutory removal procedures, typically a lack of compliance with either the filing requirements set forth in Section 1446(a) or the timeliness requirements set forth in Section 1446(b). *Id.* ***Where a plaintiff timely alleges and proves that a defendant has not timely filed a removal petition in accordance with statutory procedures, the district court, as a court of limited jurisdiction, cannot disregard an evident procedural defect, regardless of the triviality or inadvertent nature of the defect.*** *See Kisor*, 338 F. Supp. 2d at 1281; *Prod. Stamping Corp. v. Md. Cas. Co.*, 829 F. Supp. 1074, 1077-78 (E.D. Wis. 1993)("The view that technical flaws in a removal petition 'can be swept away like so much dust seriously misunderstands the conditions under which the formidable power of the federal judiciary can – and should – be invoked.'")(citations omitted).

*Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1317-18 (M.D. Ala. 2006).

Therefore, to be effective, any cure for a non-jurisdictional defect in the removal process must occur within the 30-day removal period of § 1446(b). *Id.* at 1322; *see also Jones ex rel. Bazerman v. Florida Department of Children & Family Services*, 202 F. Supp. 2d 1352, 1355 (S.D. Fla. 2002)("Plaintiff served Defendant DCF on August 17, 2001. Accordingly, the notice of removal and 'some timely written indication' from each served Defendant had to be filed by September 16, 2001. Although Defendant Andrews timely filed her notice of removal on September 13, 2001, the remaining served Defendants did not file their notices of consent to the removal before the September 16, 2001 deadline. Therefore, their consent and/or joinder was untimely."); *Fuller v. Exxon Corp.*, 131 F. Supp. 2d 1323, 1327 (S.D. Ala. 2001)("A defendant may freely amend the notice of removal within the thirty day period of

28 U.S.C. § 1446(b). After the thirty day period has expired however, a party may only amend defective allegations of jurisdiction pursuant to 28 U.S.C. § 1653.").

Defendant has cited a number of non-binding decisions for the proposition that it is not required to cure its defective Notice within the 30-day period of § 1446(b). (*See* doc. 8 at 12 [citing *Western Chance No. 2, Inc. v. KFC Corp.*, 957 F. 2d 1538, 1540 n.3 (9th Cir. 1992); *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F. 2d 316, 317-18 (9th Cir. 1969); *Kosen v. Ruffing*, No. 08cv0793-LAB (WMc), 2009 WL 56040, (S.D. Cal. Jan. 7, 2009); *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213, 1215 (D. Kan. 2005); *National Audubon Soc'y v. Department of Water & Power*, 496 F. Supp. 499, 503 (E.D. Cal. 1980)(quoting *Barrow*); 14C Charles Alan Wright, et al., FEDERAL PRACTICE & PROCEDURE § 3733, at 350-51 (3d ed 1998). It also cites *Covington v. Indemnity Ins. Co.*, 251 F. 2d 930, 933 (5th Cir.), *cert. denied*, 357 U.S. 921 (1958), which is binding on this court pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc)(holding that decisions of the former Fifth Circuit Court of Appeals that were rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit). However, *Covington* is distinguishable from this case, because the plaintiff in *Covington* did not seek to remand that case to state court based on a technical defect in the Notice of Removal within the time allowed by § 1447. One judge on this court noted that distinction:

> Collins and Millis rely on *Covington v. Indemnity Insurance Co. of North America*, 251 F.2d 930 (5th Cir. 1958), and *Woodall v. Insurance Company of North America*, 582 F. Supp. 247 (N.D. Ga. 1984). These cases, only one of which is binding on this court, stand for the simple proposition that

a notice of removal can be corrected after a timely removal in order to remedy a mere procedural defect, such as the absence of "process" in the notice of removal. Both courts relied on the obvious fact that a procedural defect does not implicate the federal court's subject-matter jurisdiction and therefore can be waived. . . . The crucial distinction between *Covington* and *Woodall*, on the one hand, and the instant case, on the other, is that **Kisor here filed a timely motion to remand after the expiration of defendants' time for filing a notice of removal**. Did Congress mean something when in 28 U.S.C. § 1447(c) it expressly distinguished between subject-matter jurisdiction, which cannot be waived, and a procedural defect, which is waived only if not made the subject of a motion to remand within thirty (30) days after the notice of removal? If Congress did not mean what it said, then 28 U.S.C. § 1447(c) is nothing more than a vehicle by which an unhappy plaintiff, who selected a presumptively competent state forum, can, at his option, warn the removing defendant who has woefully failed to dot his procedural i's and cross his procedural t's, to amend *post hoc* and post haste, so as to make everybody but the plaintiff happy.

This court, sitting as a court of limited jurisdiction, cannot ignore a manifest procedural defect that a plaintiff has expressly complained about just because the defect was inadvertent or because the removing defendant tenders a belated correction. . . . Kisor has not waived the procedural defect. Instead, she has timely complained in the only way provided her by 28 U.S.C. § 1447(c). This case . . . resemble[s] *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d, 1342 (M.D. Ala. 2000), which recognizes both the potential jurisdictional fatality that inheres in a procedural defect in removal papers, and the ineffectiveness of a proffered corrective measure taken only in response to a timely jurisdictional challenge.

As a court of limited jurisdiction, this court would be more than uncomfortable if it overlooked a jurisdictional defect about which a plaintiff has expressly complained just because the defect was inadvertent. There probably exists a procedural defect so hypertechnical and so innocuous that it can be overlooked, but this is not it. The jurisdictional statute that requires that "process" be contained in the notice of removal was enacted for a purpose. Statutes that limit federal jurisdiction are always strictly construed against the removing party, and there is no shame in a plaintiff's insistence on full and complete compliance with them by a defendant who wants to flee to federal court. . . . When this court grants Kisor's motion to remand, as it will do by separate order, it will not be doing so in order to avoid irony, but because

9

procedural rules that govern the jurisdiction of federal courts are just as important to their jurisdiction as are substantive rules, and must be complied with. . . .

*Kisor v. Collins*, 338 F. Supp. 2d 1279, 1280-81 (N.D. Ala. 2004)(emphasis in original).

This court agrees with the decisions in *Kisor* and *Beard* and holds that Tri-Co's Motion to Remand is due to be granted based on Commerce's failure to include the summons with its Notice of Removal or to correct its Notice of Removal within thirty days after service.

## B.  LACK OF COMPLETE DIVERSITY[4]

Commerce removed this action on the ground this court "has diversity jurisdiction pursuant to 28 U.S.C. § 1332, since the real party Defendants to this action . . . are of diverse citizenship from Plaintiff;" it contends the Alabama defendants – Riverfront, Regions, and FPR – are fraudulently joined.  (Doc. 1 ¶¶ 12, 16.) Tri-Co contends that the Alabama defendants are properly joined in its declaratory judgment action pursuant to Ala. Code § 6-

---

[4]Tri-Co argues that this case should be remanded because it was removed more than one year after it was commenced and, thus, is barred by 28 U.S.C. § 1446(b)("a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.").  This case was filed on January 23, 2008; Commerce filed its Notice of Removal on August 5, 2009.  Commerce does not address this argument in its Response; however, in its Notice of Removal it argued "that the one-year limitation period applies only to cases that are not removable in the first place."  (Doc. 1 ¶ 4 [citations omitted].)  The Eleventh Circuit and this court have not "directly ruled on the question of whether a later-added defendant may remove on the basis of diversity jurisdiction more than one year after the case was initially filed but less than one year after that defendant was added in."  *Desmond v. HSBC Card Services, Inc.*, No. 8:09-cv-1272-T-23TBM, 2009 WL 2436582, *3 (M.D. Fla. Aug. 6, 2009).  The court need not decide this issue because this case is due to be remanded on other grounds.

6-223.  (Doc. 4 ¶ 36.)  It admits that it "does not seek a money judgment against the Alabama defendants;" however, "it [does] seeks to bind them through a declaratory judgment with respect to their interests in the property."  (*Id*. ¶ 32.)

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287.  "When a defendant has been fraudulently joined, the court should disregard [its] citizenship for purposes of determining whether a case is removable based upon diversity of citizenship." *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1257 (M.D. Ala. 2001).  If Tri-Co fraudulently joined the non-diverse defendants, the court has subject-matter jurisdiction over this action.  If, however, Tri-Co properly named Riverfront, Regions, and FPR in its Complaint and Amended Complaint, the court is without subject-matter jurisdiction and this matter must be remanded to the Circuit Court of Tuscaloosa County.  Commerce has the burden of proving fraudulent joinder by clear and convincing evidence.[5]  *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)(citing *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)).

---

[5]"The function of any standard of proof is to 'instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.'" *Colorado v. New Mexico*, 467 U.S. 310, 315 (1984)(quoting *In re Winship*, 397 U.S. 358, 370 (1970) (Harlan, J., concurring)).  The "clear and convincing evidence" standard requires defendants, as parties with the burden of proof, to "place in the ultimate factfinder an abiding conviction that the truth of its factual contentions are '***highly probable***.'" *Id*. at 316 (citation omitted; emphasis added).

> A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that:  (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant;  or (2)  the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.

*Id*. (citing *Crowe v. Coleman*, 113 F.3d at 1538), *cited in Florence v. Crescent Resources*, 484 F.3d 1293, 1297 (11th Cir. 2007)).

In this case, Commerce & Industry contends that plaintiff cannot establish a cause of action against Riverfront, Regions, and/or FPR.  Therefore, this court will "deny the motion to remand only if there [is] ***no possibility*** that [plaintiff can] maintain[ ] a cause of action against [the non-diverse defendants] in Alabama state court." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281-82 (11th Cir. 2006)(emphasis in original).

> If there is ***even a possibility*** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.  The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a ***possibility*** of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs*, 154 F.3d at 1287 (internal citations and quotations omitted; emphasis in original). The old Fifth Circuit phrased the issue as follows: "[T]he question is whether there is arguably a reasonable basis for predicting that the state law ***might*** impose liability on the facts involved.  If that possibility exists, a good faith assertion of such an expectancy in a state court  . . . is not fraudulent in fact or in law." *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)(emphasis added).  Thus, in order for this court to find that plaintiff's joinder of the non-diverse defendants was fraudulent, this court must

find there is no possibility that the Alabama court would find that the Complaint states a valid claim against any one of the non-diverse defendants.

Whether Riverfront, Regions, and/or FPR are fraudulently joined is to be determined by plaintiff's Complaint and Amended Complaint "because the question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings at the time of removal." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)(citing *Pullman v. Jenkins*, 305 U.S. 534, 537 (1939); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)).

According to plaintiff, "Tri-Co owned the property [at issue] when [an] environmental contamination occurred. After initial remediation, Tri-Co conveyed the property to Riverfront, agreeing with Riverfront that any future contamination would be covered by insurance. Regions and FPR both have legal interests in the property as mortgagees." (Doc. 9 at 2 n.5.) After Tri-Co sold the property to Riverfront, "it was discovered that the site had not been completely remediated and that as a result of the [previous] contamination, there were increased concentration levels which have not been remediated." (Doc. 1, Ex. A [Complaint] ¶ 6.) "These increased concentration levels [on site] make the plaintiff a responsible party and legally obligated to remediate the site . . . ." (*Id.* ¶ 7.) Tri-Co seeks a declaration that the insurance companies are responsible for all clean-up costs. (Doc. 1, Ex. A at 3; *id.*, Ex. B at 2.) In its Complaint, Tri-Co asks for the following relief:

(a) That this Court take jurisdiction of this cause and determine, declare and decree the rights of the parties arising from the transactions referenced herein.

(b) That upon a final hearing in this cause that this Court will decree and declare that the defendant, Great American Insurance Company, must provide insurance coverage, consent to and pay for the clean-up costs to the property in question.

(Doc. 1, Ex. A at 3.)  In its Amended Complaint, it asks:

(a) That this Court take jurisdiction of this Amendment and determine, declare and decree the rights of the parties arising from the transactions referenced herein.

(b) That upon a final hearing in this cause, that the Court will decree and declare that the defendant, Commerce & Industry Insurance Company, Inc., must provide insurance coverage, consent to and pay for the clean-up costs to the property in question.

(*Id.*, Ex. B at 2.)  It does not allege any dispute with the non-diverse defendants or ask for a specific declaration regarding the non-diverse defendants.  In its Reply Brief, plaintiff contends:

As far as Riverfront, Regions, and FPR are concerned, it is Tri-Co's obligation to remediate the property.  Tri-Co, for its part, wants insurance coverage to pay for remediation.  If there is no insurance coverage, Tri-Co could be the target of lawsuits by Riverfront, Regions, and FPR for the cleanup of the property in order to make it marketable.  In its declaratory judgment action, Tri-Co wants to secure insurance coverage for remediation and additionally bind Riverfront, Regions, and FPR with regard to Tri-Co's obligations vis-à-vis the property.  Therefore, Riverfront, Regions, and FPR are proper parties to a declaratory judgment action, and they are properly aligned as defendants.

Because of the real threat of future litigation over the property, there is "real and substantial," uncertainty that can be resolved by "specific relief through a [declaratory] judgment." *Harper* [*v. Brown, Stagner, Richardson,*

14

*Inc.*, 873 So. 2d 220,] 224 [(Ala. 2003)]. It is irrelevant that Riverfront, Regions, and FPR have no contract claims to assert against C & I or Great American. Tri-Co seeks a declaratory judgment for coverage against the insurance companies which will also bind Riverfront, Regions, and FPR with regard to Tri-Co's obligations for the cleanup.

Because there is a real and substantial controversy regarding the property as well as "uncertainty and insecurity with respect to rights, status, and other legal relations," Riverfront, Regions, and FPR are proper parties defendant to a declaratory judgment action and were not joined solely for the purpose of defeating diversity jurisdiction.

(Doc. 9 at 4-5.)

"[A] declaratory judgment action will not lie for an ***anticipatory*** claim." *Harper v. Brown, Stagner, Richardson, Inc.*, 873 So. 2d 220, 224 (Ala. 2003)(emphasis added). Therefore, [a] declaratory-judgment action requires . . . that there be a ***bona fide justiciable controversy***. *Id.* (citations omitted; emphasis added) The Alabama Supreme Court has defined a "justiciable controversy" as a controversy that is "definite and concrete, "real and substantial," and "seek[s] relief by asserting a claim opposed to the interest of another party upon a state of facts [that] have accrued." *Bedsole v. Goodloe*, 912 So. 2d 508, 518 (Ala. 2005). This standard is not substantially different from that set forth by the Supreme Court, which stated, "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a ***substantial controversy***, between parties having ***adverse legal interests***, of sufficient ***immediacy*** and ***reality*** to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)(quoting

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)(emphasis added).

Plaintiff's Complaint, Amended Complaint, and Motion to Remand do not allege facts that, "under all the circumstances, show that there is a substantial controversy, between [Tri-Co and the Alabama defendants] having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune*, 549 U.S. at 127. Specifically, nothing in the pleadings indicates that Tri-Co and the Alabama defendants actually disagree regarding plaintiff's responsibilities for the clean-up or clean-up costs, or that they otherwise have an actual and imminent controversy regarding adverse interests. (Doc. 1, Ex. A ¶¶ 5-11; *id.*, Ex. B ¶¶3, 5; doc. 4 ¶¶ 7, 32.)[6] Without such an allegation, Tri-

_____

[6]The Complaint alleges, in part:

5.   On or about November 13, 2006, the plaintiff conveyed the site to the defendant, Riverfront Management, LLC, by warranty deed and as part of the transaction, the plaintiff agreed with Riverfront Management, LLC, that the site was free of contamination or if further contamination was discovered, the same would be covered by said policy of insurance.

6.   Thereafter, the defendant Riverfront Management, LLC, entered into a contract for sale of said property on March 12, 2007 and as part of that contract, the buyer was to perform due diligence and to determine that the property was environmentally safe and clear of contaminants.  On May 2, 2007, it was discovered that the site had not been completely remediated and that as a result of the August 7, 2002 environmental contamination, there were increased concentration levels which have not been remediated.

7.   These increased concentration levels would make the plaintiff a "responsible party and legally obligated to remediate the site" and such has been communicated to the plaintiff and to Riverfront by letter from the Florida

Co's Complaint and Amended Complaint fail to state a claim against the Alabama defendants for a declaratory judgment.

The court finds that plaintiff's Complaint and Amended Complaint do not state a cause of action against the Alabama defendants under Alabama's Declaratory Judgment Act. The court finds that the Alabama defendants are fraudulently joined and, thus,  their citizenship is not considered for purposes of determining whether the court has diversity jurisdiction.

---

department of Health dated December 28, 2007. . . .

8.  The plaintiff and the defendant Riverfront Management, LLC, have given prompt notice to the defendant, Great American Insurance Company, through its service agent, Mid-Continent Casualty Company, and although said defendant has admitted that it is likely responsible under the terms and conditions of the policy, it has nevertheless refused to consent to the clean-up costs, and has failed and refuses to honor the claim and to make arrangements to pay for the site to be remediated, thus, delaying the sale from Riverfront to its buyer.

11.  There is a bona fide justiciable controversy between the plaintiff and the defendant, Great American Insurance Company, and the defendant, Riverfront Management, LLC, that the site is subject to insurance coverage and the insurance carrier is responsible to pay for site remediation, thus allowing Tri-Co to comply with its contractual agreements with Riverfront and allowing Riverfront to comply with its contractual agreements with its purchaser and allowing the plaintiff, Tri-Co, as the responsible party, to comply with the legal requirements of the State of Florida.

(Doc. 1, Ex. A, ¶¶ 5-8, 11.)  The Amended Complaint and the Motion to Remand contain similar allegations.  (Doc. 1, Ex. B ¶¶ 3, 5; doc. 4 ¶¶ 7, 32.)

17

The court will deny plaintiff's Motion to Remand to the extent it is based on a lack of subject-matter jurisdiction.

## C.   GREAT AMERICAN DID NOT PROPERLY JOIN OR CONSENT TO REMOVAL

Tri-Co contends that this case is due to be remanded because Great American failed to officially join in or consent to removal within thirty days of service of process.  (Doc. 4 ¶ 50.)  Commerce argues that Great American verbally consented to removal some time prior to August 5, 2009, and, at that time, it agreed to file its written Consent.  (Doc. 8 at 16-17.) Great American actually filed its written Consent on August 24, 2009, after the thirty-day limitation period for removal.  (Doc. 5.)  Commerce argues, "Tri-Co is asking the Court to place form above substance, and remand this lawsuit due to an alleged procedural defect that is entirely non-jurisdictional in nature.  This Court should reject Tri-Co's request."  (Doc. 8 at 18.)

The rule of unanimity requires that all served defendants, except those that are nominal parties or fraudulently joined, consent to the removal.  *See Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001)(citing *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900); *In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir. 1993); *In re Federal Sav. & Loan Ins. Corp.*, 837 F.2d 432, 434 (11th Cir. 1988)); *see Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, Intern. Printing Pressmen and Assistants' Union of North America*, 427 F.2d 325, 327 (5th Cir. 1970)([N]ominal or formal parties,

being neither necessary nor indispensable, are not required to join in the petition for removal.").  Each defendant must manifest its consent on the record with the 30-day period allowed for removal.  ; *Leaming v. Liberty University, Inc.*, Civil Action No. 07-0225-WS-C, 2007 WL 1589542, *3 (S.D. Ala. June 1, 2007)("To be clear, the rule 'does not require that every defendant actually sign the same petition,' but ***consent 'must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent*.**'" (quoting *Clyde v. National Data Corp.*, 609 F. Supp. 216, 218 (N.D. Ga. 1985)))(emphasis added); *see also Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988)("But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself.  This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant."); *Miles v. Kilgore*, 928 F. Supp. 1071, 1076 (N.D. Ala. 1996)(Haltom, J.)("Because the filing requirements contained in 28 U.S.C. § 1446(a) are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within thirty days of service. . . .  Moreover, Rule 11, Fed. R. Civ. P., does not authorize one party to make representations or file pleadings on behalf of another.").  An allegation in the Notice of

Removal that the non-removing defendant "consents" or "does not object" is insufficient unless the attorney signing the Notice of Removal represents both the removing and non-removing defendants. *Miles*, 928 F. Supp. at 1076; *see Cook v. Randolph County*, 573 F.3d 1143, 1150-51 (11th Cir. 2009)("This notice of removal stated in its first sentence that '[a]ll defendants, by counsel, hereby file a Notice of Removal . . . .' The notice was signed by the attorney who represented all of the defendants.  As their attorney, she was authorized to represent to the court what their positions were and they were bound by the representations she made.").  "Like all rules governing removal, this unanimity requirement must be strictly interpreted and enforced because of the significant federalism concerns arising in the context of federal removal jurisdiction."  *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001).

Great American filed its Consent to Removal on August 24, 2009, which was three days after plaintiff filed its Motion to Remand and 19 days after Commerce filed its Notice of Removal.  (Doc. 4 at 1 [Motion to Remand filed on August 21, 2009]; doc. 5 at 1 [Consent to Removal filed by Great American on August 24, 2009]; doc. 1 at 1 [Notice of Removal filed August 5, 2009].)  Commerce was served on or about July 6, 2009; therefore, Great American's Consent, which was filed more than thirty days after the time for Commerce to remove, is untimely.

Based on Great American's failure to join Commerce's removal within the time allowed, plaintiff's Motion to Remand will be granted.

20

**<u>CONCLUSION</u>**

Based on the foregoing, this court finds that it has subject-matter jurisdiction over this matter but the removal procedures in this case were defective.  Therefore, plaintiff's Motion to Remand, (doc. 4) will be granted.  An Order granting plaintiff's Motion to Remand and remanding this case to the Circuit Court of Tuscaloosa County, Alabama will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 31st day of March, 2010.

*Sharon Lovelace Blackburn*

SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE